ROBERT W. FERGUSON
*Attorney General*
NOAH GUZZO PURCELL, WSBA #43492
*Solicitor General*
NATHAN K. BAYS, WSBA #43025
KRISTIN BENESKI, WSBA #45478
ANDREW R.W. HUGHES, WSBA #49515
CRISTINA SEPE, WSBA #53609
  (*application for admission forthcoming*)
*Assistant Attorneys General*
EMMA GRUNBERG, WSBA #54659
TERA M. HEINTZ, WSBA #54921
  (*application for admission forthcoming*)
KARL D. SMITH, WSBA #41988
  (*application for admission forthcoming*)
*Deputy Solicitors General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, et al., STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, and STATE OF WISCONSIN,<br><br>          Plaintiffs,<br>v. | NO. 1:20-cv-03127-SAB<br><br>PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY<br><br>NOTING DATE: August 28, 2020*<br>ORAL ARGUMENT REQUESTED<br><br>*A motion to expedite consideration of this motion is filed herewith. |

PLAINTIFFS' MOTION FOR
EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; LOUIS DEJOY, in his official capacity as Postmaster General; UNITED STATES POSTAL SERVICE, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants. |

PLAINTIFFS' MOTION FOR
EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I. INTRODUCTION

Fourteen States filed this lawsuit on August 18, 2020, to challenge the "transformative" initiative recently introduced by the new Postmaster General and other recent changes to the nature of postal services nationwide, which have undermined the United States Postal Service's (USPS or the Postal Service) provision of consistent and timely mail service and threaten to disenfranchise American voters in the upcoming election. The same day this suit was filed, the Postmaster General announced he would cease implementing some of these changes. However, evidence suggests that some changes that threaten to delay mail processing and delivery are still in place—e.g., that some locations are continuing to limit overtime and restrict the times of day during which mail can be processed or delivered.

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, the States seek expedited discovery (prior to the time established by Rule 26(d)) to obtain and preserve evidence concerning the Postmaster General's continued implementation of changes to the nature of postal services. *See* Appendix A (the States' proposed discovery requests). Conscious of the time constraints and the inherent burdens of discovery, the States have carefully tailored their initial set of interrogatories and requests for production. Expedited discovery will help determine whether preliminary relief is warranted, particularly as neither the recent changes nor their ostensible rescission are reflected in any formal agency policy or published rulemaking, but instead have occurred behind the scenes

MOTION FOR EXPEDITED
DISCOVERY
NO. 1:20-cv-03127-SAB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

absent prior notice to the public or the Postal Regulatory Commission (Commission). And because the November 3 general election is only about 10 weeks away, if any relief is to be effective, it must be obtained quickly. Plaintiffs propose that their discovery requests be deemed served on the date the Court issues an order granting this motion in whole or in part; and that Defendants' complete responses be due 10 days thereafter. To the extent Defendants have objections to the attached requests, they should be raised and adjudicated now.

Although counsel for Defendants has not yet appeared in this lawsuit, the States provided notice of this motion to U.S. Attorney for the Eastern District of Washington William D. Hyslop. Declaration of Kristin Beneski in Support of Plaintiffs' Motion for Expedited Discovery.

## II. STATUTORY AND FACTUAL BACKGROUND

### A. Statutory Background

The statutory background and the basis of the States' claims are detailed in their Complaint and briefly summarized here. The Postal Service—a "basic and fundamental service provided to the people by the Government of the United States," 39 U.S.C. § 101(a)—has the statutory authority to implement "changes in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis" only after submitting a proposal to the Commission and receiving an advisory opinion. 39 U.S.C. § 3661(b). The Commission must hold a hearing at which the interests of users of the mail and the general public are represented. *Id.* § 3661(c). Following the hearing, the

MOTION FOR EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 Commission issues a written opinion on the proposal; each Commissioner must
2 certify that the opinion conforms to the Postal Service's guiding policies. *Id.*

## B. Relevant Factual Background

In May 2020, the U.S. Postal Service's Board of Governors selected Louis DeJoy to serve as the 75th Postmaster General. Compl. ¶ 53. Soon after his term began in June, DeJoy instituted broad operational changes. Compl. ¶ 58. DeJoy has admitted that these "transformative" changes have "had unintended consequences that impacted [the Postal Service's] overall service levels." *Id.*[1] These "transformative" changes include: (i) eliminating overtime; (ii) instructing carriers to leave mail behind; (iii) decommissioning mail sorting machines; (iv) removing mailboxes; (v) reducing operating hours; and (vi) changing how election mail is classified and charged. Compl. ¶ 59; *see id.* ¶¶ 60–90.

The Postal Service made these changes without submitting any proposal to the Commission, as required for changes that "will generally affect service on a nationwide or substantially nationwide basis." 39 U.S.C. § 3661(b).[2] The Postal Service has described these changes as evidencing an "operational pivot" that

---

[1] *PMG addresses restructuring*, Postal Times (Aug. 13, 2020), https://www.postaltimes.com/postalnews/pmg-addresses-restructuring/.

[2] Letter from Thomas J. Marshall to Representatives Carolyn B. Maloney et al. (July 22, 2020), https://bit.ly/3iZUxq0 (acknowledging that the Postal Service has not sent proposal to Commission re: ongoing changes).

MOTION FOR EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

will be "immediate, lasting, and impactful."[3] These changes have already begun to significantly impact mail service nationwide, as described at length in the States' Complaint.

Despite the importance of these changes, the Postal Service has not been forthcoming about their specifics. For example, in multiple letters to Congress, the Postal Service denied that documents detailing the leave-behind policy reflect the Postal Service policy.[4] But the Postal Service leadership has since indicated that there is in fact a nationwide leave-behind policy, although they have failed to provide any specifics of the policy.[5] Similarly, despite news reports detailing the Postal Service's new policy limiting or eliminating overtime,[6] the Postal Service has denied any such policy change exists, insisting in vague terms that

---

[3] U.S. Postal Serv., *Mandatory Stand-Up Talk: All Employees* (July 10, 2020), *available at* https://wapo.st/2EkcDUr.

[4] *See, e.g.*, Thomas J. Marshall letter to Senator Gary Peters (July 22, 2020), https://bit.ly/2CPvC9a.

[5] *See* Thomas J. Marshall letter to Senators Gary C. Peters et al. (Aug. 6, 2020), https://bit.ly/2YjS41M; *PMG addresses restructuring*, *supra* note 1.

[6] Jacob Bogage, *Postal Service memos detail 'difficult' changes, including slower mail delivery*, Wash. Post (July 14, 2020), https://wapo.st/3aJv01g; *Looking to Cut Costs, New USPS Leader Takes Aim at Overtime and Late Trips*, Postal Times (July 15, 2020), https://bit.ly/2QauLCT.

MOTION FOR EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

"overtime has, and will continue to be, approved as needed."[7] As a result of the Postal Service's reticence, most of what is known about Defendants' actions has come from news reports and leaked documents.

On August 18, 2020, mere minutes after the States announced this lawsuit, DeJoy announced that he was halting (but not reversing) many—but not all—of the policies at issue.[8] At least two policies appeared to remain in effect: the leave-behind policy and the change in classification of election mail. Further, despite DeJoy's statement ostensibly suspending the dismantling of mail-sorting machines, news reports in recent days suggest that these processes might not be halted everywhere[9] and that machines taken offline would not necessarily be reconnected.[10]

---

[7] *Postmaster General Louis DeJoy Statement* (Aug. 18, 2020), https://bit.ly/3aF68I0.

[8] *Id.*

[9] Andrew Solender, *Reports Of Dismantled USPS Sorting Machines Continue Despite DeJoy Announcing Halt*, Forbes (Aug. 19, 2020), https://bit.ly/34llZKy.

[10] Aaron Gordon, *USPS Headquarters Tells Managers Not to Reconnect Mail Sorting Machines, Emails Show*, Vice (Aug. 20, 2020), https://bit.ly/329HwmP.

MOTION FOR EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  On August 21, 2020, DeJoy appeared before the United States Senate Committee on Homeland Security and Governmental Affairs. His testimony provided some additional clarity, but also raised additional questions. For example, DeJoy confirmed that previously decommissioned sorting machines will not be reinstalled, although he admitted he did not know much about the decommissioning. Similarly, DeJoy confirmed he would not be rescinding the leave-behind policy, but suggested that the Postal Service would be instituting new policies, effective October 1, 2020, to mitigate the effects of the policy. DeJoy did not provide any specifics about the new policies. Additionally, DeJoy continued to deny the Postal Service had reduced overtime for its employees, despite persistent first-hand reports to the contrary. DeJoy also admitted that the operational changes had contributed to recent delays.[11]

### III.  LEGAL STANDARD

This Court has broad discretion to manage the discovery process, which includes discretion under Rule 26(d) to allow the States to take expedited discovery. *See* Fed. R. Civ. P. 26(d)(1). Courts typically require "good cause" to

---

[11] *See* U.S. Senate Committee on Homeland Security & Governmental Affairs, Examining the Finances and Operations of the United States Postal Service During COVID-19 and Upcoming Elections, Aug. 21, 2020, available at: https://www.hsgac.senate.gov/examining-the-finances-and-operations-of-the-united-states-postal-service-during-covid-19-and-upcoming-elections.

MOTION FOR EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

deviate from the standard pretrial schedule—a standard easily satisfied here. *See Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-CV-621 RSM, 2014 WL 11010724, at *1 (W.D. Wash. Jul. 18, 2014) (collecting cases); Wright & Miller, Fed. Prac. & Proc. Civ. § 2046.11993 (3d ed.). A request for expedited discovery is evaluated in light of "the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (internal quotations and emphasis removed).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *Semitool*, 208 F.R.D. at 276) (internal quotation marks omitted). Need outweighs potential prejudice in cases where physical evidence may be moved or difficult to track with the passage of time, thereby disadvantaging one or more parties to the litigation. *Cf. Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (anticipated movement of field beans made ordinary discovery "unusually difficult or impossible."). "Factors commonly considered in assessing the existence of good cause include '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request

MOTION FOR EXPEDITED
DISCOVERY
NO. 1:20-cv-03127-SAB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| 1 | was made.'" *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 |
| 2 | WL 4125106, at *2 (W.D. Wash. July 20, 2020) (quoting *Am. LegalNet, Inc. v.* |
| 3 | *Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)). These factors weigh in |
| 4 | favor of expedited discovery here. |

### IV. ARGUMENT

Expedited discovery will allow the States to determine the extent of the harm already inflicted on the States and their residents by DeJoy's "transformative" changes and to evaluate the need for interim emergency relief. The gravity of the issue, the breadth of its potential impact on the general election and on users of the mail in general, the factual uncertainty of Defendants' own making, and the potential need for preliminary relief to prevent irreparable harm all weigh in favor of permitting narrowly tailored discovery as to Defendants' current policies and practices.

First, expedited discovery is needed to determine the extent to which "transformative" changes are still being implemented. Notwithstanding DeJoy's vague August 18 statement, more recent reporting—some of which was confirmed by DeJoy's August 21 Senate testimony—indicates that mail sorting machines are still being dismantled or decommissioned, and that in at least some areas, overtime is still restricted and carriers are still ordered to leave mail behind at processing centers. These later actions pose a continued threat to timely delivery of the mail. The targeted discovery sought will reveal the extent to which these and other changes to the nature of mail services are in fact still occurring,

MOTION FOR EXPEDITED
DISCOVERY
NO. 1:20-cv-03127-SAB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

which may warrant preliminary relief in order to prevent irreparable harm. The stakes are incredibly high, as many States have expanded their vote-by-mail systems due to the COVID-19 pandemic and will rely on the Postal Service to timely deliver outgoing and returned ballots. *See, e.g.*, Compl. ¶¶ 116–17.

Second, and relatedly, expedited discovery will help determine whether any ongoing changes threaten irreparable harm necessitating preliminary relief to preserve the status quo pending adjudication on the merits. As discussed above, news outlets report that some mail sorting machines have been not only dismantled, but destroyed, in recent days (including after DeJoy's announcement that they would remain in place until Election Day); and that—as DeJoy acknowledged during his Senate testimony—the Postal Service will not reinstall sorting machines that have been decommissioned. The Postal Service's ability to timely process and deliver mail could be seriously compromised as the general election approaches. The application of the ordinary discovery timetable in the context of the impending election may cause irreparable harm to the States and their residents.

Third, the expedited discovery sought is narrowly targeted to obtain basic facts about the most critical issues and, as such, minimally burdens Defendants. The statutory and constitutional claims in this case present some factual issues concerning changes in the nature of mail services (including, for example, whether the changes were intended to disenfranchise voters, as suggested by the President's multiple public comments, *see* Compl. ¶¶ 92–100). But at this stage,

MOTION FOR EXPEDITED
DISCOVERY
NO. 1:20-cv-03127-SAB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  the States only seek to determine whether and to what extent DeJoy's August 18
2  announcement is actually being implemented and whether and to what extent the
3  announcement's vagaries and omissions encompass the changes challenged in
4  this lawsuit that threaten to disrupt mail service and disenfranchise voters. For
5  example, DeJoy's August 18 announcement does not reference whether the
6  Postal Service will treat "election mail" as first class mail regardless of the
7  postage paid—even though the Postal Service's own previous announcement of
8  this policy change raised grave concerns for the States and prompted a national
9  outcry. *See* Compl. ¶¶ 86–87. Nor does DeJoy's August 18 announcement refer
10 specifically to the previously announced policy of leaving mail behind for
11 delivery the next day (*see* Compl. ¶¶ 62–63) or give any indication whether
12 overtime will remain available to ensure timely delivery, and DeJoy's August 21
13 testimony left many of these key questions unanswered.[12]

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant the relief requested and set an expedited discovery schedule as proposed above.

---

[12] *See Postmaster General Louis DeJoy Statement*, supra note 7; DeJoy Hearing Testimony, supra note 11.

MOTION FOR EXPEDITED DISCOVERY
NO. 1:20-cv-03127-SAB

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | DATED this 21st day of August, 2020. |
| 2 | |
| 3 | ROBERT W. FERGUSON<br>Attorney General |
| 4 | /s/ Noah Guzzo Purcell |
| 5 | NOAH GUZZO PURCELL, WSBA #43492<br>*Solicitor General* |
| 6 | NATHAN K. BAYS, WSBA #43025<br>KRISTIN BENESKI, WSBA #45478 |
| 7 | ANDREW R.W. HUGHES, WSBA #49515<br>CRISTINA SEPE, WSBA #53609 |
| 8 | (*application for admission forthcoming*)<br>*Assistant Attorneys General* |
| 9 | EMMA GRUNBERG, WSBA #54659 |
| 10 | TERA M. HEINTZ, WSBA #54921<br>(*application for admission forthcoming*) |
| 11 | KARL D. SMITH, WSBA #41988<br>(*application for admission forthcoming*) |
| 12 | *Deputy Solicitors General*<br>800 Fifth Avenue, Suite 2000 |
| 13 | Seattle, WA 98104<br>(206) 464-7744 |
| 14 | noah.purcell@atg.wa.gov<br>nathan.bays@atg.wa.gov |
| 15 | kristin.beneski@atg.wa.gov<br>andrew.hughes@atg.wa.gov |
| 16 | cristina.sepe@atg.wa.gov<br>emma.grunberg@atg.wa.gov |
| 17 | tera.heintz@atg.wa.gov<br>karl.smith@atg.wa.gov |
| 18 | *Attorneys for Plaintiff State of Washington* |

MOTION FOR EXPEDITED
DISCOVERY
NO. 1:20-cv-03127-SAB

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**PROPOSED ORDER**

The Court has reviewed the following:

- Plaintiffs' Motion for Expedited Discovery, and the supporting materials submitted therewith;
- Defendants' response, if any;
- Plaintiffs' reply, if any; and
- The Complaint and the entire record herein.

Having considered each of the above, it is hereby ordered that Plaintiffs' Motion for Expedited Discovery is GRANTED. Defendants shall provide full and complete responses to the discovery requests attached as Appendix A to the Motion by the earlier of 20 days from the date of service of the requests or 10 days from the date of this order. Pursuant to Federal Rule of Civil Procedure 26(e), Defendants shall supplement their responses to the requests as needed going forward.

SO ORDERED this _____ day of _____, 2020.

_____
THE HONORABLE STANLEY A. BASTIAN
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

I hereby certify that I have caused to be mailed by United States Postal Service the document to the following non-CM/ECF participants: (1) Donald J. Trump, in his official capacity as President of the United States of America, (2) United States of America; (3) Louis DeJoy, in his official capacity as Postmaster General; and (4) United States Postal Service. The document will also be sent by email to William D. Hyslop, U.S. Attorney for the Eastern District of Washington, at bill.hyslop@usdoj.gov.

DATED this 21st day of August, 2020, at Tumwater, Washington.

*/s/Jennifer D. Williams*
Jennifer D. Williams, Paralegal

PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744