1  ETHAN P. DAVIS
   Acting Assistant Attorney General
2  ERIC R. WOMACK
   Assistant Director, Federal Programs Branch
3  JOSEPH E. BORSON (Va. Bar No. 85519)
   ALEXIS ECHOLS
4  Trial Attorney, Federal Programs Branch
   1100 L Street, NW
5  Washington, D.C. 20005
   (202) 514-1944
6  joseph.borson@usdoj.gov

7  *Attorneys for Defendants*

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF WASHINGTON**

11                        **AT YAKIMA**

12  STATE OF WASHINGTON, STATE OF        NO. 1:20-cv-03127-SAB
    COLORADO, STATE OF CONNECTICUT,
13  STATE OF ILLINOIS, STATE OF          **DEFENDANTS' OPPOSITION TO**
    MARYLAND, STATE OF MICHIGAN,         **PLAINTIFF'S MOTION FOR**
14  STATE OF MINNESOTA, STATE OF         **EXPEDITED DISCOVERY**
    NEVADA, STATE OF NEW MEXICO,
15  STATE OF OREGON, STATE OF RHODE      Hearing Date: August 27, 2020
    ISLAND, STATE OF VERMONT,
16  COMMONWEALTH OF VIRGINIA, and
    STATE OF WISCONSIN,
17
                     Plaintiffs,
18
        v.
19
    DONALD J. TRUMP, in his official capacity
20  as President of the United States of America;
    UNITED STATES OF AMERICA; LOUIS
21  DEJOY, in his official capacity as Postmaster
    General; UNITED STATES POSTAL
22  SERVICE,

23                   Defendants.

24

25

26

27

28

## **INTRODUCTION**

Plaintiffs challenge several purported policy changes allegedly made by the United States Postal Service (Postal Service or USPS). Many of these changes are not policy changes at all, but are rather continuations of existing policies—most of which, by Plaintiffs' admission, have been reversed or suspended until after the November Election. Despite the mountain of publicly available evidence on this issue, including two days of sworn testimony by the Postmaster General himself, Plaintiffs now seek expedited discovery before Defendants have had an opportunity to utter a word on the merits of Plaintiffs' claims. The Court should deny Plaintiffs' request.

First, Plaintiffs have ignored the volume of information that the Postal Service has already provided or will imminently provide. This includes sworn testimony before the Senate and the House of Representatives, an update to Congress by the Postmaster General on the improvement of certain postal services that will be submitted on Monday, August 31, and declaration support that will be attached to Defendants' forthcoming opposition to a preliminary injunction in a similar case pending before the Southern District of New York, which the court has ordered to be filed on or before September 8, 2020. In light of this information, Plaintiffs have not established what additional evidence they need, much less why any such evidence is needed on an expedited basis. Nor have they targeted the requests narrowly to support any potential preliminary injunction motion, as many of their requests are either overbroad (*i.e.*, they seek information not relevant to the November Election), or are duplicative of information they already have. Moreover, these requests come well before the ordinary time for discovery, and in advance of Defendants' Rule 12 response. Even at this early stage, however, Defendants have already identified several infirmities that could call this Court's jurisdiction into doubt, including questions of standing and whether Plaintiffs have jurisdiction to bring some of their

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

statutory claims in district court.  Discovery is not appropriate before these threshold issues are resolved.

Plaintiffs also propound the extraordinary demand that Defendants be forced to raise all potential objections to discovery *now*, well before the timeline set out in the Federal Rules.  There is no basis for such a demand and it should be disregarded accordingly.  Finally, even if this Court orders expedited discovery, it should provide Defendants the full time specified under the Federal Rules to comply.  Given the need to conduct an investigation and the internal reviews required by discovery, the ten days that Plaintiffs demand compliance in would be both impractical and unduly burdensome.

## **BACKGROUND**

On August 18, 2020, Plaintiffs, a coalition of states, filed suit against the United States Postal Service, alleging a number of purported constitutional and statutory violations concerning a series of alleged operational decisions that the Postal Service made in the summer of 2020.  *See generally* Compl., ECF No. 1.  These decisions have been the subject of considerable public scrutiny, including a hearing before the Senate on August 21, 2020, and the House of Representatives on August 24, 2020.  And, as Plaintiffs acknowledge, many of these decisions have already been halted or reversed.  *See* Mot. for Expedited Discovery ("Discovery Mot."), at 5, ECF No. 14.  In his testimony before the House Oversight and Reform Committee on August 23, the Postmaster General "commit[ted] to give the committee an update on the improvement of" certain postal services on Monday, August 31, 2020.  Moreover, these operational decisions are the subject of at least seven lawsuits across the country.  In one of these lawsuits, *Jones v. U.S. Postal Service*, No. 20-CV-6516 (S.D.N.Y. filed Aug. 17, 2020), the Court has already set a preliminary injunction briefing schedule, with the Postal Service's opposition (which will include declaration support) to be filed on Tuesday, September 8, 2020.  *See* Endorsed Order, ECF No. 15, No. 20-CV-6516 (S.D.N.Y. Aug. 25, 2020).

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

On the evening of August 21, 2020, Plaintiffs filed a motion seeking expedited discovery, Discovery Mot.  They included, in an appendix to their motion, ten proposed interrogatories and two requests for production, and further requested that Defendants respond to the discovery within ten days of the Court's order granting the motion.  *See* Appendix, ECF No. 14-1.  They further demanded that Defendants identify any objections to the proposed interrogatories in this response, *i.e.*, as opposed to at the time of production, as provided by the Federal Rules.  *See* Discovery Mot. at 2.  This Court has scheduled a hearing on the pending motion for August 27, 2020.  *See* Order Granting Plaintiffs' Motion to Expedite, ECF No. 23 (Aug. 24, 2020).  In light of the considerable information that the Postal Service has already presented to Congress, and which it will soon present in an additional update to Congress and in its opposition in the Southern District of New York, Plaintiffs' motion for expedited discovery in this case is unwarranted.

## STANDARD OF REVIEW

"Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)."  *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *Qest Commc'ns Int'l Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).  Nonetheless, "[c]ourts in the Ninth Circuit permit early discovery if the requesting party demonstrates good cause."  *MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19-cv-1865-GPC-LL, 2019 WL 6310554, at *2 (S.D. Cal. Nov. 25, 2019)).  "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (internal citation and quotation marks omitted).  The party seeking discovery bears the "burden of showing good cause for the requested departure from usual discovery procedures," *Quest Commc'ns Int'l*, 213 F.R.D. at 419, bearing in mind that "[e]xpedited discovery is not the norm," *Am. LegalNet*, 673

1   F.3d at 1066 (quoting *Merrill Lynch Pierce Fenner & Smith v. O'Connor*, 194 F.R.D.

2   618, 623 (N.D. Ill. 2000)).

3        "In determining whether good cause justifies expedited discovery, courts

4   commonly consider the following non-exhaustive factors: (1) whether a preliminary

5   injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for

6   requesting the expedited discovery; (4) the burden on the defendants to comply with

7   the requests; and (5) how far in advance of the typical discovery process the request

8   was made." *MedImpact Healthcare Sys.*, 2019 WL 6310554, at *2 (quoting *Am.*

9   *LegalNet*, 673 F. Supp. 2d at 1067)).

10                                 **<u>ARGUMENT</u>**

11   **I.    Plaintiffs Have Failed To Show Good Cause Justifying Expedited**

12         **Discovery.**

13        Plaintiffs have failed to establish the good cause necessary to justify expedited

14   discovery.  That is particularly so given the amount of information that has already

15   been released by the Postal Service (much of which overlaps with Plaintiffs' requests

16   for discovery), or which is imminently going to be released.

17        *First*, "[p]laintiffs indicate that the purpose of the expedited discovery requests

18   is to determine whether they should move for preliminary injunction." *MedImpact*

19   *Healthcare Sys.*, 2019 WL 6310554, at *3.  While "[t]he absence or presence of a

20   pending motion for preliminary injunction is not dispositive toward a finding of good

21   cause[,] . . . . [t]he fact that there is currently no pending motion for preliminary

22   injunction weighs against expedited discovery because its absence lessens the

23   urgency for early discovery."  *Id.*; *see also Am. LegalNet*, 674 F. Supp. 2d at 1066

24   ("expedited discovery is not automatically granted merely because a party seeks a

25   preliminary injunction").  Plaintiffs are, of course, entitled to file any motion they

26   deem appropriate, but their potential desire to do so in the future does not provide the

27   necessary good cause for discovery now.  That is particularly so given they have made

28   no attempt to establish that the recent Congressional hearings and forthcoming update

1    and declaration(s) in opposition to another motion for preliminary injunction have not

2    provided them enough information to determine whether preliminary relief is

3    necessary. *See, e.g.*, *Engelbrecht v. Experian Info. Servs., Inc.*, No. EDCV 12-01547-

4    VAP (OPx), 2012 WL 13202665, at *2 (C.D. Cal. Nov. 16, 2012) ("[W]here a

5    plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it

6    makes sense to examine the discovery request . . . on the entirety of the record to date

7    and the reasonableness of the request in light of all the surrounding circumstances.")

8    (quoting *Merrill Lynch*, 194 F.R.D. at 624).

9         *Second*, Plaintiffs' discovery requests are overly broad. While Defendants

10   have only had a limited opportunity to review the proposed discovery (as Plaintiffs'

11   motion was filed at the end of the day last Friday), it is apparent that these requests

12   extend beyond what might be necessary to support a preliminary injunction

13   preserving the status quo until the election. *See, e.g.*, Discovery Mot. at 9 (discussing

14   the potential harm "in the context of the impending election"). Plaintiffs seek, for

15   example, "a list or chart of all mail sorting or processing machines that were identified

16   for decommissioning and/or removal at any time on or after May 15, 2020." *See*

17   Appendix, at 5. But machines that are identified for removal *but are not actually*

18   *removed until after the election* are irrelevant for any preliminary relief. They also

19   seek to know "whether any requests to reinstall removed or decommissioned

20   machines . . . have been denied," *id.* at 6, without specifying *who* might have made

21   such a request or through what channel, and without explaining how this information

22   could support any of their claims. And, in some cases, they seek via interrogatory

23   information they acknowledge they already have, such as the fact that "the Postal

24   Service will not reinstall sorting machines that have been decommissioned."

25   Discovery Mot. at 9. Nor have Plaintiffs made any attempt to adjust their requests in

26   light of the Postmaster General's August 24 testimony before the House of

27   Representatives, in order to ensure that they *remain* narrowly tailored.

28

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

*Third*, the purposes of Plaintiffs' proposed discovery is not appropriately targeted. Plaintiffs assert that "the States only seek to determine whether and to what extent DeJoy's August 18 announcement is actually being implemented." ECF No. 14-1 at 10. But these issues, again, were discussed at the Congressional hearings last Friday and this Monday, and will be addressed as part of Defendants' forthcoming opposition to a preliminary injunction motion filed in the Southern District of New York. There is no "good cause" that would justify expedited discovery for a plaintiff to secure information that it has already (or will imminently) receive. *See, e.g.*, *Engelbrecht*, 2012 WL 13202665, at *4 (denying motion for expedited discovery when relevant documents have already been submitted to the court). At a minimum, Plaintiffs should review these sources of information to determine whether there remains a need for discovery, and if so, to explain how the information they have yet to receive is relevant.

*Fourth*, these requests would be unduly burdensome for Defendants. While Defendants have not been fully able to evaluate burden at this early stage, Plaintiffs seek, for example, detailed charts of "all processing and distribution centers and other USPS facilities that were identified for full or partial capacity reductions," Appendix, at 6, without defining such terms. Plaintiffs also seek information that is not maintained in an easily accessible, centralized database, such as information about overtime and transportation practices, which are usually administered at the local level. *See id.* at 7-8. (While Defendants may construe such an interrogatory as applying only to national policies, if the Plaintiffs or Court disagrees with that construction, the burden of complying with such a request would be considerable.). Other requests may be addressable only after extensive data analysis. *See id.* at 5 (discussing a sought "list or chart"). More fundamentally, the requests are burdensome because they are redundant. Much of the information that Plaintiffs seek has been or likely will be provided in the near future, either to Congress or in parallel litigation, but forcing the USPS to re-process and re-formulate the information (or

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

1    produce information that may be burdensome without an obvious benefit, such as

2    providing the location of specific mailboxes that are to be removed, if any, *id.* at 6)

3    imposes costs on Defendants without any appreciable benefit for Plaintiffs.  That is

4    the definition of burdensome.

5         *Finally*, these requests come far before the time that discovery would normally

6    commence.  Defendants were only served at the end of last week, and thus would

7    have nearly sixty days to file a responsive pleading under Rule 12.  Moreover, while

8    Defendants are still studying the legal issues, they will likely have multiple threshold

9    arguments that may serve to preclude discovery.  These include challenges to

10    Plaintiffs' standing, both because any future injuries to them with respect to the

11    November Election are too speculative, *see Clapper v. Amnesty Int'l USA*, 568 U.S.

12    368, 409 (2013), or because the States lack *parens patriae* standing to sue the federal

13    government on behalf of their citizens, *see Massachusetts v. Mellon*, 262 U.S. 447,

14    485 (1923).    Plaintiffs also cannot bring a challenge to the Postal Service's

15    compliance with 39 U.S.C. § 3661, as such a challenge must be brought first to the

16    Postal Regulatory Commission, and then to the D.C. Circuit.  *See* 39 U.S.C. §§ 3662,

17    3663.  Without jurisdiction, the Court cannot take any action, including ordering

18    discovery.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without

19    jurisdiction the court cannot proceed at all in any cause," other than to "announc[e]

20    the fact and dismiss[] the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514

21    (1869)).  Accordingly, at a minimum, the premature nature of this discovery request

22    counsels against granting Plaintiffs' motion.  *Cf.* LCivR 16(b)(2) ("The Court may

23    delay the issuance of a scheduling order in those cases where . . . a motion to dismiss

24    has been filed, including motions based on lack of jurisdiction, failure to state a claim,

25    immunity of a defendant, the statute of limitations, or any other defense that would

26    caution against starting the discovery and pretrial processes.").

27

28

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

## II.   Defendants Should Not Be Required To Object To Specific Discovery Requests At This Time.

Along with seeking an order requiring that Defendants complete their responses to pending discovery ten days after this Court rules on their motion for expedited discovery (itself one-third the time provided by the Federal Rules, *see* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A)), Plaintiffs state—without citation or argument—that "[t]o the extent Defendants have objections to the attached requests, they should be raised and adjudicated now." ECF No. 14, at 2. They provide no legal authority for such a request, and there is none.

Indeed, their demand is incompatible with the Rules of Civil Procedure. Federal Rule of Civil Procedure 33(b) provides 30 days for a party to serve answers *and objections* to any interrogatories, *i.e.*, to serve the objections at the same time as the affirmative response.   *See* Fed. R. Civ. P. 33(b)(2); *see also* Fed. R. Civ. P. 34(b)(2)(B) (same rule for requests for production). The Rules further provide that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and the failure to specifically object will ordinarily result in the objection being waived. Fed. R. Civ. P. 33(b)(4).

This makes good sense: a party can only have a good-faith basis to object after they have had a fair opportunity to consult with their client and conduct a reasonable investigation in response to the served interrogatory. (Said differently, a party cannot properly determine if a request is unduly burdensome until they have assessed the burden of complying, or determine whether to object on the basis of privilege before they have identified whether a privilege is even applicable.) But a party cannot make such a determination at the very onset of preparing a discovery response – and they certainly cannot conduct such a good-faith inquiry in two business days, with the risk that an inadequate objection may inadvertently be waived. Indeed, even at this time, while Defendants have identified certain objectionable elements of Plaintiffs'

1  requests, they have not determined the full extent of their legal objections; nor are
2  they required to do so.  Plaintiffs provide no justification for their extraordinary
3  demand.

4      **III.**    **If this Court Grants Plaintiff's Motion, It Should Provide Defendants**
5          **Additional Time To Prepare Their Discovery Responses.**

6       Plaintiffs have moved to require Defendants to complete their discovery
7  responses only ten days after this Court enters an order permitting expedited
8  discovery.  This is only one-third the time provided by the Federal Rules, *see* Fed. R.
9  Civ. P. 33(b)(2) & 34(b)(2)(A), and Plaintiffs do not explain the basis for such an
10 expedited production.

11     Moreover, this schedule would prejudice Defendants.  Defendants need to
12 conduct a good-faith investigation in order to adequately respond to the
13 interrogatories, and, to the extent there are any responsive documents, would also
14 need to review those documents to ensure that they are relevant and non-privileged.
15 Some of these requests will require the agency to conduct data analyses and
16 processing before responsive information can be produced.  *See, e.g.*, Appendix, at 5.
17 These materials would also need to be internally reviewed, both at the USPS and at
18 the Department of Justice.  Such an investigation and review will take time,
19 particularly considering parallel (but not necessarily completely overlapping)
20 litigation in other cases, as well as Congressional requests for documents.  Moreover,
21 even to the extent that materials can be produced to Plaintiffs, Defendants will still
22 need to determine whether a protective order would be required.  And the Labor Day
23 holiday may also limit the availability of individuals who would need to review any
24 discovery responses.

25     Accordingly, Defendants respectfully request that if this Court does order
26 expedited discovery, it provide Defendants the time permitted to respond as specified
27 in the Federal Rules, *i.e.*, thirty days, or, at a minimum twenty-one days, in which to
28 respond.

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>CONCLUSION</u>**

For the aforementioned reasons, this Court should deny Plaintiffs' motion for expedited discovery and, if it does order expedited discovery, it should provide Defendants thirty days in which to comply with the requests and serve any objections.

Dated:  August 25, 2020        Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
ALEXIS ECHOLS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

---

- 10 -

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, I electronically filed the foregoing Opposition with the Clerk by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 25, 2020

By: */s/ Joseph E. Borson*
    Joseph E. Borson

    Counsel for Defendants

DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY