1  ROBERT W. FERGUSON
   *Attorney General*
2  NOAH GUZZO PURCELL, WSBA #43492
   *Solicitor General*
3  NATHAN K. BAYS, WSBA #43025
   KRISTIN BENESKI, WSBA #45478
4  ANDREW R.W. HUGHES, WSBA #49515
   CRISTINA SEPE, WSBA #53609
5  *Assistant Attorneys General*
   EMMA GRUNBERG, WSBA #54659
6  TERA M. HEINTZ, WSBA #54921
     (*application for admission forthcoming*)
7  KARL D. SMITH, WSBA #41988
     (*application for admission forthcoming*)
8  *Deputy Solicitors General*
   800 Fifth Avenue, Suite 2000
9  Seattle, WA 98104
   (206) 464-7744
10

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 20-cv-03127-SAB |
| Plaintiffs, | PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY |
| v. | |
| DONALD J. TRUMP, et al., | NOTED FOR: August 27, 2020 at 1:00 PM |
| Defendants. | *With Oral Argument* |

## I.    INTRODUCTION

Defendants admit that recent changes at the United States Postal Service have led to widespread mail delays on the eve of a national election. These changes have already resulted in harms, including critical medications and time-

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  sensitive information not reaching residents in a timely manner, and threaten to
2  undermine voter confidence in the upcoming November election. Despite the
3  admitted consequences of their changes, Defendants have resisted efforts to
4  provide concrete information detailing the scope or effects of their changes—
5  even after two separate Congressional hearings on this very topic. Moreover,
6  Defendants' recent actions purporting to walk back these changes have only
7  resulted in more confusion, as Defendants have provided little beyond vague
8  assertions that everything will be fine. As a result, Plaintiffs filed their Motion
9  seeking expedited discovery to obtain the information Defendants have mostly
10 failed to provide the public or Congress and to seek clarification on Defendants'
11 commitments to halt changes.

12     Defendants continue their effort to stonewall access to information by
13 opposing the Plaintiff States' request for basic, narrowly tailored discovery. But
14 Defendants' response brief, ECF No. 29, is rife with contradictions and non-
15 sequiturs and only highlights the need for expedited discovery.

16                    **II.   ARGUMENT**

17     Defendants first assert, in the opening paragraph of their brief, that they
18 have made no policy changes, but then immediately claim that "these
19 changes . . . have been reversed or suspended." ECF No. 29 at 2. This obfuscation
20 is illustrative of the contradictory nature of Defendants' representations in recent
21 days, and highlights the need for expedited discovery. For example, in sworn
22

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY NO. 20-cv-03127-SAB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

testimony to Congress, Postmaster General DeJoy said unequivocally that the Postal Service would deliver all election mail—such as ballots and voter registration forms—in accordance with standards for First Class mail delivery, as it has done for decades.[1] But the Postal Service's own website as well as recently released internal documents say the opposite.[2] The States' discovery requests related to this topic are thus entirely understandable and urgent.

Second, Defendants claim that it would be too onerous to produce the information requested here, but in the next breath claim that discovery is unnecessary because much of the information requested will soon be produced

---

[1] *See* U.S. Senate Committee on Homeland Security & Governmental Affairs, Examining the Finances and Operations of the United States Postal Service During COVID-19 and Upcoming Elections, Aug. 21, 2020, *available at:* https://bit.ly/2QoXAM9.

[2] *See, e.g.*, *Election Mail*, USPS, https://about.usps.com/what/government-services/election-mail/ ("Election officials should use First-Class Mail or a higher level of service for Election Mail. Using USPS Marketing Mail® service will result in slower delivery times and may increase the risk that voters will not receive their ballots in time to return them by mail.") (last visited on Aug. 26, 2020); USPS Areas Inspiring Mail Pacific Area Virtual Meeting Presentation (Aug. 13, 2020), https://bit.ly/3lvTS1A (explaining that election mail sent as marketing mail is subject to the 3-10 days delivery standard).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  to Congress and in a similar case pending in the Southern District of New York.
2  *See* ECF No. at 7–8. If Defendants have to gather this information anyway for
3  other purposes, responding here is not onerous; and if the information requested
4  will not be produced to Congress or in another case, it is not duplicative.
5  Defendants cannot have it both ways.

6  Third, Defendants claim that expedited discovery is unnecessary here
7  because no preliminary injunction motion is pending, ECF No. 29 at 5, but the
8  Plaintiff States have made clear that they intend to seek preliminary relief if—
9  contrary to Postmaster General DeJoy's public statement on August 18
10  "suspending these initiatives"—Defendants are in fact continuing with the policy
11  changes the States challenge in this case. In light of Postmaster General DeJoy's
12  recent congressional testimony indicating that at least some of these policy
13  changes remain in place despite his August 18 statement, there is a high
14  likelihood that the States will imminently move for preliminary relief unless
15  Defendants reverse their illegal policy changes. In any event, Defendants should
16  not be able to avoid discovery by offering contradictory statements about what
17  their current policies are.

18  Fourth, Defendants suggest that Postmaster General DeJoy's testimony
19  and materials forthcoming in other venues already have answered or will answer
20  the States' questions, ECF No. 29 at 7–8, but they fail to substantiate this claim
21  by actually citing to or describing the materials. With respect to Postmaster
22

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY NO. 20-cv-03127-SAB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

General DeJoy's testimony, at least, Defendants' argument is misplaced because he repeatedly pled ignorance or relied on vague generalities when asked about the policies at issue here. For example, he claimed to be unaware of internal USPS directives forbidding local managers from reconnecting decommissioned sorting machines "without approval from HQ maintenance"[3] and could not say whether any such requests had been made.[4] See ECF No. 14-1, App'x A: States' First Interrogatories Nos. 1–3. Postmaster General DeJoy was also unable to provide any detail regarding his claims that USPS would take steps to ensure the timely delivery of ballots, including treating them as First Class mail or better (*but see supra* at pp. 2–3) and implementing policies allowing postal workers to take extra trips and work overtime around the election, and he elided requests by members of Congress to commit any plans to writing.[5] See ECF No. 14-1, App'x

---

[3] Aaron Gordon, USPS Headquarters Tells Managers Not to Reconnect Mail Sorting Machines, Emails Show, Vice (Aug, 20, 2020), https://bit.ly/34zuJNd.

[4] *See* U.S. House Committee on Oversight and Reform, Protecting the Timely Delivery of Mail, Medicine, and Mail-in Ballots, Aug. 24, 2020, https://bit.ly/2EsSDPW (questioning from Representative Wasserman Schultz starting at 03:19:18 of the video).

[5] *See, e.g.*, U.S. Senate Governmental Affairs Committee Hearing, *supra* note 1 (questioning from Senator Hassan starting at 01:03:38 and questioning

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION FOR
EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

A: States' First Interrogatories No. 5, 8, 10. This information goes to the core of the States' claims and the likelihood of irreparable injury, and Defendants have no basis for refusing to provide it.

Fifth, Defendants attack a strawman when they claim that some of the requests are overbroad because they do not relate to the November election. ECF No. 29 at 6. Many of the irreparable harms being suffered by the Plaintiff States and their residents—such as lengthy delays in receiving time-sensitive medications or delivering important State documents and notices—have nothing to do with the November election. Defendants cannot narrow the scope of the urgent issues in this case by fiat.

Sixth, Defendants claim "they will likely have multiple threshold arguments that may serve to preclude discovery," Dkt. 29 at 8, but they do not bother to actually make these arguments. Defendants cannot rely on arguments they could have raised but did not in order to avoid the States' narrowly tailored, urgent discovery requests.

Defendants' "likely" arguments lack merit in any event. Regarding subject matter jurisdiction, this Court has jurisdiction under 28 U.S.C. § 1361 because Defendants violated their mandatory duty to seek an advisory opinion under 39

---

from Senator Sinema starting at 01:58:02); U.S. House Oversight Committee Hearing, *supra* note 4 (questioning from Representative Khanna starting at 02:52:20 and questioning from Representatives Sarbanes starting at 03:30:51).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

U.S.C. § 3661(b) before implementing sweeping changes to postal service, thus depriving the States of an opportunity to participate in hearings on the proposed changes, *see* 39 U.S.C. § 3661(c). Additionally, this Court has jurisdiction to review Defendants' *ultra vires* actions because the venue statute they cite, 39 U.S.C. § 3662, is discretionary, not mandatory, and has never been held to foreclose a suit concerning USPS's failure to comply with Section 3661. 39 U.S.C. § 3662(a) ("Any interested person … *may* lodge a complaint with the Postal Regulatory Commission[.]") (emphasis added); *see Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, CIV.A.06 726 CKK, 2007 WL 2007578, at *7 (D.D.C. July 6, 2007) (holding that district court had subject matter jurisdiction over claim "seek[ing] a declaration that it is unlawful for USPS to proceed with modification to its mail processing operations ... because USPS failed to submit [the proposed modifications] to the PRC for an advisory opinion").

Regarding standing, the Plaintiff States, as users of the mail, "are being denied a very fundamental right— the opportunity for a hearing on [Defendants'] proposed change[s]. The denial of this statutory right is alone a sufficient injury in fact to support the requisite standing to sue." *Buchanan v. U.S. Postal Serv.*, 375 F. Supp. 1014, 1019 (N.D. Ala. 1974), *aff'd in part, vacated in part,* 508 F.2d 259 (5th Cir. 1975) (footnote omitted). As the States will document in forthcoming pleadings, the States are also being harmed by Defendants' changes

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY NO. 20-cv-03127-SAB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

delaying the timely mailing of important State documents and communications and delaying delivery of time-sensitive medications and documents to the States' residents.

Seventh, Defendants admit that courts have discretion to expedite discovery and cite the appropriate legal standard this Court should apply in considering the motion to expedite discovery. The cases relied on by Defendants, ECF No. 29 at 5–6, support Plaintiff States' request for tailored and narrow discovery. In *MedImpact*, the court granted in part a motion for expedited discovery "because Plaintiffs seek it to determine whether Defendants are presently engaging in misappropriation of their trade secrets" that may need to be enjoined. *MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19-cv-1865-GPC-LL, 2019 WL 6310554, at *4 (S.D. Cal. Nov. 25, 2019)). Here too the Plaintiff States seek discovery on whether, and the extent to which, Defendants are implementing changes to the nature of mail services. And both *American LegalNet* and *Engelbrecht* stand for the proposition that expedited discovery is appropriate where it seeks information needed "to preserve the status quo." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1068 (C.D. Cal. 2009) (denying expedited request for discovery where the plaintiff did not tailor or even identify the topics on which it sought to depose the defendant); *see also Engelbrecht v. Experian Info. Servs., Inc.*, No. EDCV 12-01547-VAP (OPx),

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

2012 WL 13202665, at *2–*4 (C.D. Cal. Nov. 16, 2012) (finding discovery requests irrelevant to preliminary injunction motion).

Finally, Defendants claim that if the Court grants this motion, they should receive additional time to respond to the States' request, ECF No. 29 at 10, but they admit that they will need to gather much of the same information for a responsive pleading in another case on September 8, ECF No. 29 at 2. The States and their residents are being harmed by Defendants' policy changes every day, and the urgency of these issues will only intensify as the November election—only 68 days away—rapidly approaches and States ramp up their administration of the election. Having implemented sweeping reforms that led to widespread mail delays across the nation on the eve of a presidential election, Defendants are solely responsible for the situation giving rise to Plaintiffs' need for expedited and urgent discovery. There is no valid ground for delay.

### III.  CONCLUSION

For the foregoing reasons, and the reasons detailed in their Motion, the Court should grant the Plaintiff States' Motion for Expedited Discovery.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

DATED this 26th day of August, 2020.

ROBERT W. FERGUSON
Attorney General

*/s/ Noah Guzzo Purcell*
NOAH GUZZO PURCELL, WSBA #43492
  *Solicitor General*
NATHAN K. BAYS, WSBA #43025
KRISTIN BENESKI, WSBA #45478
ANDREW R.W. HUGHES, WSBA #49515
CRISTINA SEPE, WSBA #53609
  *Assistant Attorneys General*
EMMA GRUNBERG, WSBA #54659
TERA M. HEINTZ, WSBA #54921
  *(application for admission forthcoming)*
KARL D. SMITH, WSBA #41988
  *(application for admission forthcoming)*
  *Deputy Solicitors General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
noah.purcell@atg.wa.gov
nathan.bays@atg.wa.gov
kristin.beneski@atg.wa.gov
andrew.hughes@atg.wa.gov
cristina.sepe@atg.wa.gov
emma.grunberg@atg.wa.gov
tera.heintz@atg.wa.gov
karl.smith@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 26th day of August, 2020, at Tumwater, Washington.

*/s/ Jennifer D. Williams*
Jennifer D. Williams, Paralegal

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY
NO. 20-cv-03127-SAB

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744