FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, and STATE OF WISCONSIN, <br><br>    Plaintiffs, <br><br>    v. <br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; LOUIS DEJOY, in his official capacity as Postmaster General; UNITED STATES POSTAL SERVICE, <br><br>    Defendants. | No. 1:20-CV-03127-SAB <br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |

**ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE ~ 1**

Before the Court is Plaintiffs' Motion for Expedited Discovery, ECF No. 14. A videoconference was held on August 27, 2020. Plaintiffs' counsel Kristin Beneski and Defendants' counsel Joseph Borson appeared by videoconference. The following counsel also appeared for Plaintiffs: for the state of Washington Cristina Sepa, for the state of Maryland Jeffrey Dunlap, for the State of Minnesota Angela Behrens, for the State of Oregon James Smith, and for the Commonwealth of Virginia Carol Lewis.

On August 18, 2020, Plaintiffs filed this instant action challenging recent activities taken by the Postmaster General that affect postal services nationwide. Plaintiffs assert these changes undermine the United States Postal Service's provision of constituent and timely mail service and threaten to disenfranchise American voters in the upcoming election. ECF No. 1. Plaintiffs ask the Court to permit them to start the discovery process early by allowing them to submit interrogatories and request for production to Defendants, pursuant to Fed. R. Civ. P. 26(d), which provides that a party may not seek discovery from any source before the parties have held their Rule 26(f) conference, unless the Court so orders.

Defendants argue that Plaintiffs have not shown what additional evidence they need, nor have they targeted the request narrowly to support any potential preliminary injunction. They argue the requests are overbroad or duplicative of information already available to Plaintiffs. Defendants argue they plan to bring a motion to dismiss based on standing and subject matter jurisdiction so it would be premature to order discovery now. They maintain the proposed 10-day response time is not practical and is unduly burdensome.

The Court will apply the good cause standard in reviewing Plaintiffs' request. *See Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275 (N.D. Calif. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276. Factors commonly considered in determining the

**ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE ~ 2**

1  reasonableness of expedited discovery include, but are not limited to: (1) whether a
2  preliminary injunction is pending; (2) the breadth of the discovery request; (3) the
3  purpose of requesting the expedited discovery; (4) the burden on the defendants to
4  comply with the requests; and (5) how far in advance of the typical discovery
5  process the request was made. *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d
6  1063, 1067 (C.D. Cal. 2009) (citations omitted).

7  　　　Here, the administration of justice outweighs any prejudice to Defendants.
8  Plaintiffs indicate they plan on filing a preliminary injunction or seek a writ of
9  mandamus shortly. These motions will need to be heard on an expedited basis,
10 given that the U.S. elections are less than ten weeks away. The Court finds
11 Plaintiffs' discovery requests are narrowly tailored to the relief they are seeking.
12 Given the extraordinary public interest that is a stake and the vast resources of
13 Defendants, Plaintiffs' request is not unduly burdensome.
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE ~ 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Expedite Discovery, ECF No. 14, is **GRANTED**.

2. The parties are directed to meet and confer to determine whether the proposed September 17, 2020 hearing date would be appropriate to hear the parties' anticipated pretrial motions, to propose an agreed upon briefing schedule, to decide if it is preferable if the hearing is held in Yakima or Spokane, and notify the Court on or before August 31, 2020.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 27th day of August 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE ~ 4**