Douglas N. Letter
   *General Counsel*
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Amicus Curiae*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, and STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; LOUIS DEJOY, in his official capacity as Postmaster General; UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | Case No. 1:20-cv-03127<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF THE U.S. HOUSE OF REPRESENTATIVES AS AMICUS CURIAE IN SUPPORT OF THE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, TO EXCEED PAGE LIMITATIONS, AND FOR EXPEDITED CONSIDERATION.**<br><br>NOTED FOR: September 11, 2020 Without Oral Argument |

The United States House of Representatives respectfully moves for leave to file the attached brief as amicus curiae in support of the Plaintiffs' motion for preliminary injunction and to file an amicus brief in excess of the ten-page limit prescribed by Local Rule 7(f).[1]  The House also moves pursuant to Local Rule 7(i)(2)(C) for expedited consideration of this motion.  All parties consent to the filing of the attached over-length brief and to the court's expedited consideration of this motion.  No person or entity other than amicus and its counsel assisted in or made a monetary contribution to the preparation or submission of this brief.

*Amicus curiae*.  District courts have "broad discretion" to permit amicus curiae to file briefs.  *Puget Soundkeeper All. v. APM Terminals Tacoma, LLC*, No. 17-cv-5016, 2019 WL 2224920, at *4 (W.D. Wash. May 23, 2019) (internal quotation marks and citation omitted).  Courts frequently welcome amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective

---

[1] The Bipartisan Legal Advisory Group (BLAG) of the United States House of Representatives, which "speaks for, and articulates the institutional position of, the House in all litigation matters," has authorized the filing of an *amicus* brief in this matter. Rules of the U.S. House of Representatives (116th Cong.), Rule II.8(b), https://perma.cc/M25F-496H.  The BLAG comprises the Honorable Nancy Pelosi, speaker of the House, the Honorable Steny H. Hoyer, Majority Leader, the Honorable James E. Clyburn, Majority Whip, the Honorable Kevin McCarthy, Republican Leader, and the Honorable Steve Scalise, Republican Whip. Representative McCarthy and Representative Scalise dissented.

**MOTION FOR LEAVE TO FILE BRIEF OF U.S. HOUSE OF REPRESENTATIVES AS AMICUS CURIAE**

2

that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* Here, the legal issues have profound ramifications beyond the parties, and the House has a unique perspective that can help the Court analyze the relevant issues.

This case challenges service rollbacks initiated by the United States Postal Service in advance of the 2020 national election—conduct that has far-reaching ramifications. The House has a special interest in this subject matter because Congress established and oversees the Postal Service pursuant to Congress's expressly enumerated powers under the Constitution. The House has a strong institutional interest in ensuring that the Postal Service fulfills its essential role to connect the American people—in this case, by once again providing a full and fair opportunity for millions of Americans to vote in a national election.

Due to the COVID-19 pandemic, an unprecedented number of Americans are expected to rely on the mail to cast their ballots in November. The ramifications for the House are particularly acute because the election will decide the identity of every one of its 435 Members. Each Member represents roughly 750,000 people. The right of each of these constituents to choose his or her representative is a "portion of [every person's] sovereign power." *Bd. of Estimate of City of N.Y. v. Morris*, 489 U.S. 688, 693 (1989). As a representative body deriving its legitimacy from direct election by the American people, the House's institutional integrity rests on a free

and fair electoral process. That process, in turn, depends more than ever on the Postal Service's prompt and reliable delivery of election mail.

The House's amicus brief will provide the Court with the House's unique perspective regarding the reasons that Congress first established and continues to reform and to oversee the Postal Service. The brief addresses information the House itself has learned directly through Congressional oversight regarding the Postmaster General's recent changes to the operations of the Postal Service, and why those changes are contrary to longstanding principles underlying the Postal Service's function. The House's well-established role in monitoring and investigating the Postal Service provides the House with unique knowledge about, and a strong interest in addressing, the ways that the Postmaster General's recent operational changes to the Postal Service undermine Congressional efforts to secure fair and accurate elections.

*Excess page limitations*. Good cause exists for permitting the House to file a brief 6 pages in excess of the 10-page limit imposed by Local Rule 7(f). As discussed above, the House's brief will address the ways in which the recent operational changes to the Postal Service run contrary to the principles underlying the agency's operation and undermine Congressional efforts to secure the right to vote. The extra pages are necessary to provide full treatment of these issues. Indeed, this Court has already recognized the extraordinary circumstances this case presents

and has appropriately granted the parties permission to file memoranda up to 60 pages. ECF No. 48. The House's brief is less than a third that length. *See* Fed. R. App. P. 29(d) (providing that amicus briefs in appellate cases should be no more than half the length of the parties' principal briefs). Because the House's full but succinct explication of relevant issue will aid the Court in its determination, the Court should permit the House to file a brief in excess of 10 pages.

*Expedited Consideration*. Good cause exists for expedited consideration of this motion because, per the Court's September 1 Order, all *amicus* briefs are due Friday, September 11 and a hearing on Plaintiff's Motion for Preliminary Injunction is set for September 17. The normal time requirements imposed by Local Rule 7(i)(2) would not allow this motion to be heard before the deadline for amicus briefs or the September 17 hearing.

## CONCLUSION

For the foregoing reasons, the House's motion for leave to file the proposed amicus curiae brief should be granted.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | */s/ Douglas N. Letter* |
| KATHLEEN R. HARTNETT | DOUGLAS N. LETTER |
| COOLEY LLP | *General Counsel* |
| 101 California Street | TODD B. TATELMAN |
| San Francisco, CA 94111 | *Principal Deputy General Counsel* |
| (415) 693-2000 | ADAM A. GROGG |
| khartnett@cooley.com | ERIC R. COLUMBUS |
|  | JONATHAN B. SCHWARTZ |
| ELIZABETH B. PRELOGAR | OFFICE OF GENERAL COUNSEL |
| ELIAS S. KIM | U.S. HOUSE OF REPRESENTATIVES |
| COOLEY LLP | 219 Cannon House Office Building |
| 1299 Pennsylvania Ave. NW | Washington, D.C. 20515 |
| Washington, DC 20004 | (202) 225-9700 |
| (202) 842-7800 | Douglas.Letter@mail.house.gov |
| eprelogar@cooley.com |  |
|  | Attorneys for *Amicus Curiae*[*] |

ADAM S. GERSHENSON
LIZ A. TRAFTON
ZACHARY SISKO
COOLEY LLP
500 Boylston St
Boston, MA 02116
(617) 937-2300
agershenson@cooley.com

BARRETT J. ANDERSON
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
(858) 550-6000
banderson@cooley.com

---

[*] Attorneys for the Office of General Counsel for the U.S. House of Representatives and "any counsel specially retained by the Office of General Counsel" are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571.

**MOTION FOR LEAVE TO FILE BRIEF OF U.S. HOUSE OF REPRESENTATIVES AS AMICUS CURIAE**

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to the parties in the case, all of whom are registered users of the CM/ECF system.

          */s/ Douglas N. Letter*
DOUGLAS N. LETTER
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Amicus Curiae*

September 11, 2020