Emily Dodds Powell
Anna F. Cavnar
CALFO EAKES LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 407-2210
Fax: (206) 407-2224
Email: emilyp@calfoeakes.com
        annac@calfoeakes.com

Elizabeth B. Wydra (*pro hac vice* pending)
Brianne J. Gorod (*pro hac vice* pending)
Dayna J. Zolle (*pro hac vice* pending)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
Email: elizabeth@theusconstitution.org
        brianne@theusconstitution.org
        dayna@theusconstitution.org

*Counsel for Amici Curiae Members of Congress*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>     *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, et al.,<br><br>     *Defendants*. | Case No. 1:20-cv-3127-SAB<br><br>BRIEF OF MEMBERS OF CONGRESS AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS |

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTEREST OF *AMICI CURIAE* ............................................................................ 1

INTRODUCTION .................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    I.    Reflecting the Importance of the Postal System's Role, Congress Has Required the Postal Service to Follow Certain Procedures Whenever It Seeks to Change the Nature of Postal Services in a Way That Will Generally Affect Service on a Substantially Nationwide Basis ............................................................................. 2

    II.    Congress Adopted the Procedures Under the Postal Reorganization Act to Protect the Postal Service from Partisan Influence .................. 5

    III.    By Failing to Request an Opinion from the Postal Regulatory Commission Before Making Its Recent Changes, the Postal Service Has Violated Federal Law ................................................................. 7

CONCLUSION ....................................................................................................... 10

APPENDIX: LIST OF *AMICI* .............................................................................. 1A

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - i

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

# TABLE OF AUTHORITIES

**Page(s)**

<u>CASES</u>

*Buchanan v. U.S. Postal Serv.*,
   508 F.2d 259 (5th Cir. 1975)................................................................... 7, 10

*Carlson v. Postal Regulatory Comm'n*,
   938 F.3d 337 (D.C. Cir. 2019) ................................................................. 9

*Govs. of U.S. Postal Serv. v. U.S. Postal Rate Comm'n*,
   654 F.2d 108 (D.C. Cir. 1981) ................................................................. 4

*United Parcel Serv., Inc. v. U.S. Postal Serv.*,
   604 F.2d 1370 (3d Cir. 1979).................................................................. 9, 10

*U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*,
   540 U.S. 736 (2004) ................................................................................. 5

<u>CONSTITUTIONAL PROVISIONS, STATUTES, AND LEGISLATIVE MATERIALS</u>

H.R. Rep. No. 91-1104 (1970)....................................................................... *passim*

Postal Accountability and Enhancement Act of 2006, Pub. L. No. 109-435,
   120 Stat. 3198 (Dec. 20, 2006) (codified at 39 U.S.C. § 3600 *et seq.*) .. 4

Postal Reorganization Act of 1970, Pub. L. No. 91-375, 84 Stat. 719
   (Aug. 12, 1970) (codified at 39 U.S.C. § 101 *et seq.*) ............................ 3, 4

Postal Service Act of 1792, ch. 7, 1 Stat. 232............................................... 3

39 U.S.C. § 3601 ........................................................................................... 4

39 U.S.C. § 3622 ........................................................................................... 4

39 U.S.C. § 3623 ........................................................................................... 4

39 U.S.C. § 3624 ........................................................................................... 4

39 U.S.C. § 3661 ........................................................................................... 1, 10

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - ii

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## TABLE OF AUTHORITIES – cont'd

Page(s)

39 U.S.C. § 3661(b) ................................................................... 4, 8

U.S. Const. art. 1, § 8 .................................................................. 2

OTHER AUTHORITIES

Alex Seitz-Wald, *How Do You Know Voting by Mail Works? The U.S. Military's Done It Since the Civil War*, NBC News (Apr. 19, 2020), https://www.nbcnews.com/politics/2020-election/how-do-you-know-voting-mail-works-u-s-military-n1186926 .......................................... 8

Compl., *NAACP v. U.S. Postal Serv.*, No. 1:20-cv-2295 (D.D.C. Aug. 20, 2020) ................................................................. 2, 8

Compl., *New York v. Trump*, No. 1:20-cv-2340 (D.D.C. Aug. 25, 2020) ................................................................. *passim*

Report of the President's Commission on Postal Organization, *Towards Postal Excellence* (1968) ............................................................ 3, 5

Richard R. John, *Spreading the News: The American Postal System from Franklin to Morse* (1995) ......................................................... 3

Pres. Richard Nixon, Remarks upon Signing the Postal Reorganization Act (Aug. 12, 1970) ......................................................................... 6

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - iii

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

## INTEREST OF *AMICI CURIAE*[1]

*Amici* are members of the U.S. Senate, many of whom served when key components of the nation's laws governing the U.S. Postal Service (USPS) were drafted, debated, and passed. *Amici* have a substantial interest in ensuring that this Court recognizes that when USPS and the Postmaster General failed to follow the procedures set forth in 39 U.S.C. § 3661—which requires that the Postal Regulatory Commission and members of the public have the opportunity to weigh in before USPS implements certain changes—they not only violated the plain text of § 3661 but also acted contrary to Congress's plan in enacting that legislation.

A full listing of *amici* appears in the Appendix.

## INTRODUCTION

In June and July 2020, Postmaster General Louis DeJoy instituted several major changes that have had a significant effect on the nature of postal services nationwide. According to Plaintiffs in this lawsuit and others, USPS has, under DeJoy's instruction, been "(i) eliminating overtime; (ii) instructing carriers to leave mail behind; (iii) decommissioning sorting machines; (iv) removing mailboxes; (v)

---

[1] *Amici* state that no counsel for a party authored this brief in whole or in part, and no person other than *amici* or their counsel made a monetary contribution to the brief's preparation or submission.

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

reducing operating hours; and (vi) changing how election mail is classified and charged." ECF No. 1 at 17. These changes have allegedly "produced serious delays across the country despite the fact that letter mail volume had decreased during the [COVID-19] pandemic." Compl. 3, *New York v. Trump*, No. 1:20-cv-2340 (D.D.C. Aug. 25, 2020); *see* Compl. 2, *NAACP v. U.S. Postal Serv.*, No. 1:20-cv-2295 (D.D.C. Aug. 20, 2020) ("[T]he Postal Service has made significant changes that have resulted in unreliable service and widespread delays."). Particularly troubling, these changes "will hinder the delivery of mail ballots and ballot applications" across the country, Compl. 61, *New York*, No. 1:20-cv-2340, just as many states are "expect[ing] a record-breaking volume of mail-in voting for the November 2020 election," Compl. 16, *NAACP*, No. 1:20-cv-2295.

USPS has imposed these changes in violation of federal laws that Congress passed to protect USPS from partisan influence and ensure public accountability, and this Court should hold that the challenged changes are unlawful.

## ARGUMENT

**I.  Reflecting the Importance of the Postal System's Role, Congress Has Required the Postal Service to Follow Certain Procedures Whenever It Seeks to Change the Nature of Postal Services in a Way That Will Generally Affect Service on a Substantially Nationwide Basis.**

The U.S. Constitution vests Congress with the power to "establish Post Offices and post Roads," U.S. Const. art. 1, § 8, and Congress enacted the first substantive

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

federal postal law, Postal Service Act of 1792, ch. 7, 1 Stat. 232, just a few years after the Constitution's ratification. The development of the postal system "spurred a communications revolution that was as profound in its consequences for American public life as the subsequent revolutions . . . associated with the telegraph, the telephone, and the computer." Richard R. John, *Spreading the News: The American Postal System from Franklin to Morse*, at vii (1995).

Reflecting the important role the postal system has long played in our country, Congress has sought to ensure that the system is properly managed, free from partisan influence, and accountable to the public. In 1967, President Johnson assembled the Kappel Commission to investigate whether to reorganize the postal system in light of the nation's growing economy and population, *see* Report of the President's Commission on Postal Organization, *Towards Postal Excellence* (1968) at v, and Congress itself devoted significant resources to determine how best to address the situation. Indeed, as the House Committee on Post Office and Civil Service remarked, "rarely has any subject received as much careful and intensive consideration by a committee of the Congress." H.R. Rep. No. 91-1104, at 3651 (1970).

Based on these careful deliberations, Congress passed the Postal Reorganization Act of 1970 (PRA), 39 U.S.C. § 101 *et seq.* That Act provided, among other things, that "[w]hen the Postal Service determines that there should be

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Rate Commission requesting an advisory opinion on the change." Postal Reorganization Act of 1970, Pub. L. No. 91-375, 84 Stat. 719, 764 (Aug. 12, 1970) (codified at 39 U.S.C. § 3661(b)).

Congress similarly charged the Postal Rate Commission "with the duty of making recommendations to the Governors of the Postal Service with respect to rate, fee and classification matters." *Govs. of USPS*, 654 F.2d at 110 (citing 39 U.S.C. §§ 3601, 3622–24). "In considering Postal Service requests for recommended decisions on rates, fees, and classifications . . . [,] the Commission [was] required to accord to the Postal Service, users of the mails, and an officer of the Commission representing the public, an opportunity for a hearing," and then provide a written recommendation to USPS. *Id.*

In 2006, Congress enacted the Postal Accountability and Enhancement Act (PAEA), Pub. L. No. 109-435, 120 Stat. 3198 (Dec. 20, 2006) (codified at 39 U.S.C. § 3600 *et seq.*). As amended by the PAEA, the PRA requires USPS to follow the same procedures for nationwide changes in the nature of postal services, except that USPS must now seek a written opinion from the Postal *Regulatory* Commission, rather than the Postal Rate Commission. 39 U.S.C. § 3661(b).

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## II. Congress Adopted the Procedures Under the Postal Reorganization Act to Protect the Postal Service from Partisan Influence.

According to the House Committee on Post Office and Civil Service, which drafted the PRA, Congress's plan in making these changes was to "convert the Post Office Department into an independent establishment in the executive branch of the government freed from direct political pressures." H.R. Rep. No. 91-1104, *supra*, at 3650. And the Supreme Court has recognized that the Act "was adopted to increase the efficiency of the Postal Service and reduce political influences on its operations." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 740 (2004).

The House Committee drafted the PRA based on the findings of the Kappel Commission, H.R. Rep. No. 91-1104, *supra*, at 3654, which noted, among other things, that "[b]ecause postal patronage was once a source of party power, the Post Office is still burdened with an anachronistic postmaster selection system," *Towards Postal Excellence*, *supra*, at 47. The Commission explained that "[b]ecause he presides over what was once a major policy arm of Government, the Postmaster General is still a member of the President's Cabinet." *Id*. According to the Commission, "[p]ostmaster patronage suggests to many that partisan politics plays a part in the operation of a post office. Warranted or not, the suspicion undermines public confidence and employee morale." *Id.* at 42.

Thus, Congress passed the PRA to "[i]nsulate" management of USPS "from

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

partisan politics . . . by having the Postmaster General responsible to the [Postal Regulatory] Commission, which represents the public interest only, for his conduct of the affairs of the Postal Service." H.R. Rep. No. 91-1104, *supra*, at 3660–61. The House Committee Report explained that the Postal Regulatory Commission in particular "provides an invaluable buffer between the management of the Postal Service and the possible influence of partisan politics." *Id.* at 3660. Indeed, the Report emphasized that "[i]f the American public is to have the Postal Service that it expects and deserves, the post office must be taken out of politics and politics out of the post office. Nineteenth Century customs of political patronage have no place in a late 20th Century Postal System." *Id.* at 3654; *see* Pres. Richard Nixon, Remarks upon Signing the Postal Reorganization Act (Aug. 12, 1970) ("There is no Republican way or Democratic way to deliver the mail. There is only the right way and that is what this occasion is all about.").

In describing the portion of the Act establishing "procedures for changes in postal services," the Committee Report emphasized that "[t]he Postal Service is—first, last and always—a public service." H.R. Rep. No. 91-1104, *supra*, at 3668. The Report stated that under the Act, USPS must "seek out the needs and desires of its present and potential customers—the American public," and that the Act "provides significant assurance that the postal management will in fact be responsive to the people to a greater degree than has heretofore been known." *Id.* The Report described

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

how the Act "contains specific provisions requiring justification and review of changes in service," and that those provisions compel USPS, when seeking to make those changes in service, to "follow[] procedures comparable to those for proposed rate changes." *Id.*

The Report concluded that those procedures requiring notice and a public hearing "represent significant innovations that should materially enhance the responsiveness of the Postal Service to the American public." *Id.*; *see Buchanan v. U.S. Postal Serv.*, 508 F.2d 259, 263 n.6 (5th Cir. 1975) ("[T]he procedures mandated by 3661 are sufficiently elaborate to amount to a significant impediment in the path of the decision making process of the Postal Service.").

**III.  By Failing to Request an Opinion from the Postal Regulatory Commission Before Making Its Recent Changes, the Postal Service Has Violated Federal Law.**

USPS's recent changes are unlawful because they were made without complying with these important requirements that Congress put in place to ensure proper management of the nation's mail delivery. For example, without seeking input on the matter, USPS "prohibited postal workers from making the extra trips necessary to ensure that no mail is left sitting in postal facilities at the end of the day." Compl. 23, *New York*, No. 1:20-cv-2340. Likewise, USPS "prohibited network, plant, and delivery workers from making late trips—i.e., from embarking on their trip any later than the scheduled time." *Id.* In addition, "671 machines used by the

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Postal Service to organize and sort letters or other pieces of mail have been or will be removed from dozens of cities across America[,] . . . effectively decommission[ing] 10 percent of the Postal Service's sorting machines." ECF No. 1 at 18-19. These changes and others to USPS's central operations have allegedly "resulted in unreliable service and widespread delays," Compl. 2, *NAACP*, No. 1:20-cv-2295, and "there have been widespread reports of mail piling up in regional distribution centers and post offices around the country, and of customers experiencing substantial delays and disruptions in mail service," *id.* at 19.

If these changes continue to cause widespread delays, they could threaten the reliability of mail-in voting, Compl. 61, *New York*, No. 1:20-cv-2340—an option that at least some Americans have used to cast their ballots since the American Revolution, *see* Alex Seitz-Wald, *How Do You Know Voting by Mail Works? The U.S. Military's Done It Since the Civil War*, NBC News (Apr. 19, 2020), https://www.nbcnews.com/politics/2020-election/how-do-you-know-voting-mail-works-u-s-military-n1186926—with enormous implications for our country and the integrity of our democracy.

These changes thus have already affected and will continue to "generally affect service on a nationwide or substantially nationwide basis," 39 U.S.C. § 3661(b). Yet USPS made them without so much as notifying the Postal Regulatory Commission—much less having received a written opinion from the Commission

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

following the completion of a public hearing as required.

The government may argue that such changes are not sufficiently significant to require public comment. That is plainly wrong. Because Congress was seeking to ensure that there would be public accountability with regard to management of USPS, it required that these procedures be followed with respect to *any* changes that "generally affect service on a nationwide or substantially nationwide basis," as these changes certainly do.

Significantly, Congress required USPS to follow comparable procedures for even seemingly minor changes in postal rates or mailing classifications. *See* H.R. Rep. No. 91-1104, *supra*, at 3668 (under the PRA, "[f]ollowing procedures *comparable to* those for proposed rate changes, operating management would submit proposals relating to changes in service to the rate board with public notice and opportunity for public comment" (emphasis added)); *see, e.g.*, *United Parcel Serv., Inc. v. U.S. Postal Serv.*, 604 F.2d 1370, 1380 (3d Cir. 1979). Indeed, the D.C. Circuit has held that USPS needed to submit a proposed 5-cent increase for the price of stamps to the Postal Regulatory Commission before it could lawfully implement that change, recognizing that "Congress directed the Commission to serve as more than just a rubber stamp of the Postal Service's proposed rate increases." *Carlson v. Postal Regulatory Comm'n*, 938 F.3d 337, 351 (D.C. Cir. 2019); *see id.* ("The PAEA establishes a robust rulemaking process for the Commission, subjecting rate-change

BRIEF OF MEMBERS OF CONGRESS AS  
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS  
(Case No. 1:20-cv-3127-SAB) - 9

LAW OFFICES  
**CALFO EAKES LLP**  
1301 SECOND AVENUE, SUITE 2800  
SEATTLE, WASHINGTON 98101  
TEL (206) 407-2200    FAX (206) 407-2224

proposals to the deliberative and participatory process of notice-and-comment rulemaking under the APA."). Likewise, the Third Circuit has emphasized that "any proposal which would effect a change in mail classification or a rate . . . must be submitted to the Rate Commission, *no matter how experimental, temporary, or limited in scope the change.*" *U.S. Postal Serv.*, 604 F.2d at 1380 (emphasis added).

To be sure, the Fifth Circuit has suggested that § 3661 applies only when USPS seeks to make "changes of significance" that will have a "meaningful impact" on postal services. *See Buchanan*, 508 F.2d at 262–63. That notion is contrary to § 3661's plain text, but in any event, the postal changes at issue in this case satisfy even the Fifth Circuit's heightened standard: They are significant, and they have had, and will continue to have, a meaningful impact on postal services on a substantially nationwide basis. As discussed above, USPS's changes have *already* had a major impact on the delivery of the mail with consequences for people throughout the country. Moreover, the changes allegedly "will hinder the delivery of mail ballots and ballot applications" for the November election. Compl. 61, *New York*, No. 1:20-cv-2340. Changes of this magnitude plainly cannot be made without input from the public and without following the requirements set out in federal law.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for a preliminary injunction.

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 10

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Dated: September 11, 2020.

                Respectfully submitted,

                CALFO EAKES LLP

                By   */s/ Emily Dodds Powell*
                      Emily Dodds Powell, WSBA# 49351
                      Anna F. Cavnar, WSBA# 54413
                      1301 Second Avenue, Suite 2800
                      Seattle, WA 98101
                      Phone: (206) 407-2210
                      Fax: (206) 407-2224
                      Email: emilyp@calfoeakes.com
                              annac@calfoeakes.com

                CONSTITUTIONAL ACCOUNTABILITY CENTER

                By   */s/ Brianne J. Gorod*
                      Elizabeth B. Wydra (DC Bar No. 483298)
                        (*pro hac vice* pending)
                      Brianne J. Gorod (DC Bar No. 982075)
                        (*pro hac vice* pending)
                      Dayna J. Zolle (DC Bar No. 1672633)
                        (*pro hac vice* pending)
                      1200 18th Street NW, Suite 501
                      Washington, D.C. 20036
                      Phone: (202) 296-6889
                      Email: elizabeth@theusconstitution.org
                              brianne@theusconstitution.org
                              dayna@theusconstitution.org

                *Counsel for Amici Curiae Members of Congress*

BRIEF OF MEMBERS OF CONGRESS AS
*AMICI CURIAE* IN SUPPORT OF PLAINTIFFS
(Case No. 1:20-cv-3127-SAB) - 11

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

# APPENDIX

## LIST OF *AMICI*

Blumenthal, Richard
    Senator of Connecticut

Baldwin, Tammy
    Senator of Wisconsin

Bennet, Michael F.
    Senator of Colorado

Booker, Cory A.
    Senator of New Jersey

Brown, Sherrod
    Senator of Ohio

Cardin, Benjamin L.
    Senator of Maryland

Carper, Thomas R.
    Senator of Delaware

Cortez Masto, Catherine
    Senator of Nevada

Duckworth, Tammy
    Senator of Illinois

Durbin, Richard J.
    Senator of Illinois

Gillibrand, Kirsten
    Senator of New York

Hirono, Mazie K.
    Senator of Hawaii

APPENDIX
(Case No. 1:20-cv-3127-SAB) - 1A

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

LIST OF *AMICI* – cont'd

Klobuchar, Amy
  Senator of Minnesota

Leahy, Patrick
  Senator of Vermont

Markey, Edward J.
  Senator of Massachusetts

Merkley, Jeffrey A.
  Senator of Oregon

Reed, Jack
  Senator of Rhode Island

Rosen, Jacky
  Senator of Nevada

Sanders, Bernard
  Senator of Vermont

Shaheen, Jeanne
  Senator of New Hampshire

Smith, Tina
  Senator of Minnesota

Van Hollen, Chris
  Senator of Maryland

Warren, Elizabeth
  Senator of Massachusetts

Whitehouse, Sheldon
  Senator of Rhode Island

Wyden, Ron
  Senator of Oregon

APPENDIX
(Case No. 1:20-cv-3127-SAB) - 2A

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

DATED: September 11, 2020.

            */s/ Erica Knerr*
            Erica Knerr

CERTIFICATE OF SERVICE
(Case No. 1:20-cv-3127-SAB) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224