```
 1  ROBERT W. FERGUSON
    Attorney General
 2  NOAH GUZZO PURCELL, WSBA #43492
    Solicitor General
 3  NATHAN K. BAYS, WSBA #43025
 4  KRISTIN BENESKI, WSBA #45478
    ANDREW R.W. HUGHES, WSBA #49515
 5  CRISTINA SEPE, WSBA #53609
    Assistant Attorneys General
 6  EMMA GRUNBERG, WSBA #54659
    TERA M. HEINTZ, WSBA #54921
 7    (application for admission forthcoming)
 8  KARL D. SMITH, WSBA #41988
    Deputy Solicitors General
 9  800 Fifth Avenue, Suite 2000
    Seattle, WA  98104
10  (206) 464-7744
```

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | NO. 1:20-cv-03127-SAB<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CLARIFY THE PRELIMINARY INJUNCTION<br><br>NOTED FOR: October 2, 2020<br>*Without Oral Argument* |

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION
NO. 1:20-CV-03127-SAB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

## I.    INTRODUCTION

Defendants moved to clarify the Court's preliminary injunction, maintaining that some aspects of the Court's order could be interpreted to cause an overall degradation in service or to create obligations that cannot be fulfilled. The States of course would not support such an interpretation, and the States are therefore submitting an alternative proposed order on which the parties have now conferred. Defendants do not oppose the entry of Plaintiffs' proposed order.[1] The States therefore propose that the Court clarify its preliminary injunction according to the terms of their proposed order, submitted herewith.

## II.    ARGUMENT

### A.    Requested Clarification Regarding Transportation Schedules

The Court ordered that Defendants DeJoy and USPS (collectively USPS) be enjoined from "continued implementation or enforcement of policy changes announced in July 2020 that have slowed mail delivery, including: (i) instructing mail carriers to leave mail behind for processing or delivery at a later date; (ii) requiring mail carriers or delivery trucks to leave at set times regardless of whether the mail is actually ready; (iii) prohibiting or unreasonably restricting return trips to distribution centers, if necessary, to complete timely mail delivery; and (iv) taking any actions to implement or enforce the operational changes outlined in the USPS's 'Mandatory Stand-Up Talk: All Employees,' dated July 10, 2020[.]" ECF No. 81 (PI Order) at 12.

In his supplemental declaration submitted in support of Defendants' Motion to Clarify, USPS Vice President for Logistics Robert Cintron asserts that "[t]he

---

[1] Defendants also specified that they are preserving their right to appeal the preliminary injunction.

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1  Postal Service **has not** and will not ban the use of late or extra trips in its
2  transportation network." ECF No. 83-2 (2d Supp. Cintron Decl.), ¶ 7 (emphasis
3  added). Notably, however, the July 10, 2020 Mandatory Stand-Up Talk referenced
4  in the Court's order mandated that late and extra trips were "no longer authorized
5  or accepted," and as of early September, a banner hung in an Oregon plant banning
6  all late trips, as cited in the States' reply brief and referenced in the Court's order.
7  *See* ECF No. 55-2 at 2; ECF No. 79 at 9; PI Order at 10.

8        USPS's Motion to Clarify requested that the Court's order be modified to
9  provide that USPS is not required to hold trucks "where waiting for a small amount
10 of mail will cause the delay of a greater volume of mail, resulting in an overall
11 delay in the delivery of mail." ECF No. 83 (Mtn. to Clarify) at 9. Specifically, they
12 asked that the Court's injunction be modified to say that "the Postal Service is not
13 required to delay a trip when the impact of the delay will be an overall degradation
14 in service, *e.g.*, in order to prevent a small amount of mail from being delayed if
15 doing so would cause a larger amount of mail to be delayed." *Id*. at 10. Defendants
16 pointed to two potential scenarios wherein waiting for a small amount of mail
17 could prevent a truck from: (1) making an air transportation connection, or (2)
18 reaching a delivery unit by the time when letter carriers "must leave the facility in
19 order to safely and efficiently deliver mail along their routes." *Id*. at 11; 2d Supp.
20 Cintron Decl., ¶¶ 14-15. Notably, it is not clear how the latter scenario would
21 square with the Court's order that USPS cannot require "mail carriers … to leave
22 at set times regardless of whether the mail is actually ready[.]" PI Order at 12.

23       In any event, the States of course do not want or intend that any aspect of
24 the Court's order be interpreted to cause an overall degradation in service. At the
25 same time, USPS's own materials indicate that the circumstance USPS is
26 concerned about here will be rare and that "extra trips can often remedy at least

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

some of this delay," though "there are circumstances 'when extra trips are not feasible,' such as where contractors have no trucks available." Mtn. to Clarify at 10.

The States therefore ask that the Court enter the clarification contained in the States' proposed order, which Defendants do not oppose, and which provides that the Postal Service is not required to delay a trip when the impact of the delay will be an overall degradation in service, e.g., in order to prevent a small amount of mail from being delayed if doing so would cause a larger amount of mail to be delayed, but that the Postal Service shall use extra trips to minimize the effect of such delays and to meet service commitments, except when not feasible. "[E]xtra trips that are reasonably necessary to complete timely mail delivery [are] not to be unreasonably restricted or prohibited," as the Postal Service committed to in its September 21, 2020 memorandum to employees.[2]

**B.     The Requested Clarification Regarding Delivery of Election Mail by Air**

The Court ordered that USPS is enjoined from "deviating from the USPS's long-standing policy of treating election mail in accordance with First Class Mail delivery standards, regardless of the paid class[.]" PI Order at 12. USPS's Motion to Clarify requested that the Court's order be modified to provide that USPS is "not required to ship Election Mail sent as Marketing Mail by air." Mtn. to Clarify at 13. USPS asserts that practical barriers prevent it from identifying Election Mail amongst other Marketing Mail for air transportation "at the scale required by the Court's order." *Id.* at 12. USPS maintains that this would only affect Election Mail entered as Marketing Mail that is "traveling long distances." *Id*. at 13.

---

[2] U.S. Postal Service, *Clarifying Operational Instructions*, Sept. 21, 2020 (submitted as Grunberg Decl., Ex. C).

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

The States' priority for Election Mail has always been timely delivery, not mandating a specific transportation mechanism. Given the limited time available to respond to USPS's motion and the lack of additional discovery, the States are unable to assess the credibility of Defendants' claims that "technical reasons" prevent the Postal Service from transporting Election Mail entered as Marketing Mail by air, and that "it is not possible to implement [contemplated] solutions this close to an election." *Id.* at 12-13. The Postal Service's original proposed clarification did not specifically address the possibility of using Priority Mail Express ground transportation for Election Mail that has to be transported long distances, as contemplated by the agreed order entered by the U.S. District Court for the Southern District of New York on September 25, 2020, which provided that "USPS will employ special individualized measures to expedite handling of individual voter ballots mailed close to Election Day, regardless of paid class, which may include manually separating them and moving them by air or according to Priority Mail Express delivery speed standards, consistent with practices used in past elections."[3] This is consistent with the Postal Service's own September 25, 2020 memorandum regarding Election Mail, which committed to using "extraordinary measures beyond our normal course of operations" and "consistent with our practices in past election cycles" to "accelerate the delivery of ballots," including but not limited to "Priority Mail Express, Sunday deliveries, special deliveries, running collected ballots to Boards of Elections on Election Day, etc."[4]

---

[3] *See Jones et al. v. U.S. Postal Service et al.*, No. 20 Civ. 6516 (VM) (Sept. 25, 2020 Order), ECF No. 57 (Grunberg Decl., Ex. A).

[4] U.S. Postal Service, *Additional Resources for Election Mail Beginning October 1*, Sept. 25, 2020 (Grunberg Decl., Ex. B).

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

The States propose that the Court could address the concerns of both parties by entering the clarification contained in the States' proposed order, which Defendants do not oppose, and which provides that the Postal Service is required to ensure that Election Mail "is generally delivered in line with First-Class Mail delivery standards," as the Postal Service committed to in its September 25, 2020 memorandum to employees[5], but the Court need not specify that Election Mail entered as Marketing Mail be shipped by any particular means (such as by air). To facilitate this goal, the Postal Service will, as it has promised, take "extraordinary measures" "between October 26 and November 24, to accelerate the delivery of ballots, when the Postal Service is able to identify the mailpiece as a ballot. These extraordinary measures include, but are not limited to, expedited handling, extra deliveries, and special pickups as used in past elections, to connect blank ballots entered by election officials to voters or completed ballots returned by voters entered close to or on Election Day to their intended destination (e.g., Priority Mail Express, Sunday deliveries, special deliveries, running collected ballots to Boards of Elections on Election Day, etc.)."[6,7]

---

[5] *See id.*

[6] *See id.*

[7] The States have no objection to Defendants' expressed understanding of the term Election Mail to mean "any item mailed to or from authorized election officials that enables citizens to participate in the voting process, including ballots, voter registration forms, ballot applications, polling place notifications, and similar materials." Mtn. to Clarify at 11.

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

### C. Requested Clarification Regarding "Dismantled" Machines

The Court ordered that "[i]f any post office, distribution center, or other postal facility will be unable to process election mail for the November 2020 election in accordance with First Class delivery standards because of the Postal Service's recent removal and decommissioning of equipment, such equipment will be replaced, reassembled, or reconnected to ensure that the Postal Service can comply with its prior policy of delivering election mail in accordance with First Class delivery standards[.]" PI Order at 12-13. USPS's Motion to Clarify asked the Court to clarify that under this provision, it is required only to return "available processing equipment to service," defined as "machines that were disconnected, but not dismantled." Mtn. to Clarify at 14-15.

At the moment, this appears to be a theoretical concern, given USPS's representation that it has "'more than sufficient capacity to process current and anticipated mail volumes with the existing machine fleet,' and therefore does not expect the availability of machines to be an issue." *Id.* at 15. If it becomes apparent, at a later point, that USPS cannot comply with the injunction's terms concerning the treatment of Election Mail without replacing or reassembling equipment that has been dismantled, USPS can return to the Court to request appropriate relief, and the Court can assess that request on its merits.

The States therefore propose, and Defendants do not oppose, that the Court deny Defendants' proposed clarification to Paragraph 3 of the Preliminary Injunction, without prejudice to the same arguments being raised again in the future.

The States also note that Paragraph 3 of the Court's order additionally requires USPS to present to the Court any request from a local facility to reconnect or replace a decommissioned or removed machine within three days of the request,

PLAINTIFFS' RESPONSE TO
MOTION TO CLARIFY
PRELIMINARY INJUNCTION
NO. 1:20-CV-03127-SAB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

if USPS has not already approved the request. PI Order at 13. Given the likelihood that a local facility manager is best placed to understand the practicalities of reconnecting a particular machine prior to making such a request, the States submit that this provision should continue to apply regardless of whether USPS considers the subject of the request for approval to be a machine that has been "disconnected" or "dismantled."

### III. CONCLUSION

For the foregoing reasons, the Plaintiff States respectfully request that, should the Court grant in part Defendants' Motion to Clarify, it do so in accordance with the clarifications set forth in the States' proposed order submitted herewith, which Defendants do not oppose.

DATED this 1st day of October, 2020.

ROBERT W. FERGUSON
Attorney General

/s/ Noah Guzzo Purcell
NOAH GUZZO PURCELL, WSBA #43492
  *Solicitor General*
NATHAN K. BAYS, WSBA #43025
KRISTIN BENESKI, WSBA #45478
ANDREW R.W. HUGHES, WSBA #49515
CRISTINA SEPE, WSBA #53609
  *Assistant Attorneys General*
EMMA GRUNBERG, WSBA #54659
TERA M. HEINTZ, WSBA #54921
  *(application for admission forthcoming)*
KARL D. SMITH, WSBA #41988
  *Deputy Solicitors General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
noah.purcell@atg.wa.gov
nathan.bays@atg.wa.gov
kristin.beneski@atg.wa.gov
andrew.hughes@atg.wa.gov

cristina.sepe@atg.wa.gov
emma.grunberg@atg.wa.gov
tera.heintz@atg.wa.gov
karl.smith@atg.wa.gov
    *Attorneys for Plaintiff State of Washington*

PHIL WEISER
Attorney General of Colorado

*/s/ Eric R. Olson*
ERIC R. OLSON, CO #36414
Solicitor General
Office of the Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508 6548
Eric.Olson@coag.gov
    *Attorneys for Plaintiff the State of Colorado*

WILLIAM TONG
Attorney General
State of Connecticut

*s/ Joshua Perry*
JOSHUA PERRY, #439166
Special Counsel for Civil Rights
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5372
joshua.perry@ct.gov
    *Attorneys for Plaintiff State of Connecticut*

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

KWAME RAOUL
Attorney General State of Illinois

*s/ Christopher G. Wells*
CHRISTOPHER G. WELLS
(ARDC #6304265)
Chief, Public Interest Division
Office of the Illinois Attorney General
100 West Randolph Street, 12th Floor
Chicago, IL 60601
(312) 814-1134
cwells@atg.state.il.us
   *Attorneys for Plaintiff State of Illinois*


BRIAN E. FROSH
Attorney General of Maryland

*s/ Jeffrey P. Dunlap*
JEFFREY P. DUNLAP
Md. Bar #181210004
*Assistant Attorney General*
200 St. Paul Place
Baltimore, MD 21202
T: (410) 576-7906
F: (410) 576-6955
jdunlap@oag.state.md.us
   *Attorneys for Plaintiff State of Maryland*


DANA NESSEL
Michigan Attorney General

*s/ Christina Grossi*
CHRISTINA GROSSI (P67482)
Chief of Operations
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, MI 48933
   *Attorneys for Plaintiff State of Michigan*

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

| | |
|---|---|
| 1 | KEITH ELLISON |
| 2 | Attorney General of Minnesota |
| 3 | *s/ Angela Behrens* |
| 4 | ANGELA BEHRENS, MN 0351076 |
|   | Assistant Attorney General |
| 5 | 445 Minnesota Street, Suite 1400 |
|   | St. Paul, MN 55101-2131 |
| 6 | (651) 757-1204 (Voice) |
|   | angela.behrens@ag.state.mn.us |
| 7 |     *Attorneys for Plaintiff State of Minnesota* |

AARON D. FORD
Attorney General

*s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
hstern@ag.nv.gov
    *Attorneys for Plaintiff State of Nevada*

HECTOR BALDERAS
Attorney General

*s/ Nicholas M. Sydow*
Nicholas M. Sydow
Civil Appellate Chief
Office of the New Mexico Attorney General
201 Third Street NW, Suite 300
Albuquerque, NM 87102
(505) 717-3571
nsydow@nmag.gov
    *Attorneys for Plaintiff State of New Mexico*

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

| | |
|---|---|
| 1 | ELLEN F. ROSENBLUM |
| | Attorney General of the State of Oregon |
| 2 | |
| 3 | s/ *James S. Smith* |
| | JAMES S. SMITH, WSBA #14761 |
| 4 | MICHAEL C. KRON |
| | Special Counsel |
| 5 | Oregon Department of Justice |
| | 100 SW Market Street |
| 6 | Portland, OR 97201 |
| 7 | Phone: (971) 673-3891 |
| | james.s.smith @doj.state.or.us |
| 8 | michael.c.kron@doj.state.or.us |
| | *Attorneys for Plaintiff State of Oregon* |
| 9 | |
| 10 | PETER F. NERONHA |
| | Attorney General of Rhode Island |
| 11 | |
| 12 | s/ *Keith Hoffmann* |
| | KEITH HOFFMANN, #9874 |
| 13 | Special Assistant Attorney General |
| | Rhode Island Office of the Attorney General |
| 14 | 150 South Main Street |
| | Providence, RI 02903 |
| 15 | Tel: (401) 274-4400, Extension 1882 |
| | Fax: (401) 222-2995 |
| 16 | khoffmann@riag.ri.gov |
| 17 | *Attorneys for Plaintiff State of Rhode Island* |
| 18 | |
| 19 | THOMAS J. DONOVAN, JR. |
| | Attorney General |
| 20 | |
| 21 | s/ *Eleanor Spottswood* |
| | JOSHUA DIAMOND |
| 22 | Deputy Attorney General |
| | ELEANOR SPOTTSWOOD |
| 23 | Assistant Attorney General |
| | Office of the Attorney General |
| 24 | 109 State Street |
| | Montpelier, VT 05609-1001 |
| 25 | (802) 828-3178 |
| 26 | joshua.diamond@vermont.gov |
| | *Attorneys for Plaintiff State of Vermont* |

PLAINTIFFS' RESPONSE TO
MOTION TO CLARIFY
PRELIMINARY INJUNCTION
NO. 1:20-CV-03127-SAB

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

MARK R. HERRING
Attorney General of Virginia

*s/ Michelle S. Kallen*
MICHELLE S. KALLEN, VSB #94542
CAROL L. LEWIS, VSB #92362
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
mkallen@oag.state.va.us
   *Attorneys for Plaintiff Commonwealth of Virginia*

JOSHUA L. KAUL
*Attorney General of Wisconsin*

*s/ Colin T. Roth*
COLIN T. ROTH, #1103985
*Assistant Attorney General*
Wisconsin Department of Justice
P. O. Box 7857
Madison, WI 53707-7857
(608) 264-6219
rothct@doj.state.wi.us
   *Attorneys for Plaintiff State of Wisconsin*

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION
NO. 1:20-CV-03127-SAB

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 1st day of October, 2020, at Tumwater, Washington.

*/s/ Jennifer D. Williams*
JENNIFER D. WILLIAMS
Paralegal

PLAINTIFFS' RESPONSE TO MOTION TO CLARIFY PRELIMINARY INJUNCTION NO. 1:20-CV-03127-SAB

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744